UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BUCKLER,<br><br>         Plaintiff,<br><br>    -against-<br><br>CRAFT BEEKMAN, LLC, TEMPLE COURT, TOM COLICCHIO, and DARREN DUNN,<br><br>         Defendants. | 23-CV-09275 (MMG)<br><br>**OPINION & ORDER** |

MARGARET M. GARNETT, United States District Judge:

Plaintiff Raymond Butler ("Plaintiff") was formerly employed by Defendant Craft Beekman, LLC *a.k.a.* Temple Court ("Craft") as a Maître D' in the Temple Court bar and restaurant located in The Beekman Hotel in downtown Manhattan. On March 22, 2023, Plaintiff was terminated from his position, and told that there were complaints from coworkers and patrons that he was racist. *See* Dkt. No 11, First Amended Complaint (the "Complaint" or "Cplt.") ¶ 17, 20-26.

On October 20, 2023, Plaintiff initiated this action against Craft, Tom Colicchio ("Colicchio"), and Darren Dunn ("Dunn" and, with Colicchio, the "Individual Defendants," and collectively with Craft, "Defendants"), asserting race discrimination under 42 U.S.C. § 1981 ("Section 1981") and N.Y.C. Admin Code § 8-107, the New York City Human Rights Law ("NYCHRL"). Now before the Court is Defendants' motion to dismiss the Complaint for failure to state a claim. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

The following facts are drawn from the Complaint and are assumed to be true for the purposes of this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

1

Plaintiff is a gay white man who has been working in New York City restaurants for thirty years. Cplt. ¶¶ 14–15. Plaintiff was employed as Temple Court's Maître D' for approximately fifteen months, during which time he believed he was liked by both coworkers and patrons. *Id*. ¶¶ 11–12, 20. He had never been told of complaints nor subjected to any disciplinary actions during his employment at Temple Court. *Id*. ¶¶ 12, 16. At some time prior to his termination in March 2023, Plaintiff complimented a patron's appearance, and in particular, her outfit and hair. *Id*. ¶¶ 2, 17. The patron was a Black woman, and was dating a co-worker of Plaintiff. *Id*. ¶¶ 17-18. Shortly thereafter, Dunn—Temple Court's general manager at the time—and his assistant Jorge Morina held a meeting with Plaintiff in which they informed Plaintiff he was being terminated because he was being accused of being racist; they did not mention Plaintiff's remarks to the Black female patron. *Id*. ¶¶ 20–26. Dunn told Plaintiff that an HR investigation had taken place that included "interviews of employees and patrons," and that being racist "is what [Plaintiff was] being accused of." *Id*. ¶ 25. No further explanation was provided to Plaintiff about his termination. *Id*. ¶ 34. Plaintiff was thereafter replaced by a woman of Hispanic descent. *Id*. ¶ 42.

The Complaint alleges that Defendants fired Plaintiff on account of his race because had he "not been white, he would not have been falsely accused of being a racist." *Id*. ¶ 50. He brings claims for discrimination on the basis of race under Section 1981 and the NYCHRL. *Id*. ¶¶ 43–52. Defendants have moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor. *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). Courts, however, "need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). They are also not "constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent*, 151 F. Supp. 2d at 405-06.

## DISCUSSION

### I. The Section 1981 Claim

In order to maintain a claim under Section 1981, the plaintiff must plausibly allege facts that establish that he: (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).

As pleaded, none of the Defendants' actions evidence racial bias or animus against Plaintiff. The Complaint is, in fact, devoid of any allegations that the Defendants made mention of Plaintiff's race, or any factual allegation that he was treated differently than similarly situated

non-white employees other than the bare conclusory allegation that the termination would not have happened if Plaintiff were not white, *see* Cplt. ¶¶ 34-37.  Rather, the Complaint repeatedly alleges that Plaintiff was fired because he was "deemed to be a racist."  *See id*. ¶¶ 1, 2, 23, 27, 35, 47–51.

But the law is clear in this Circuit that Plaintiff cannot rely on his employer's allegations of his racism alone to support an action for racial discrimination.  Any condemnations of Plaintiff's alleged racism by Defendants—and employment actions against Plaintiff resulting therefrom—do not "implicate [Plaintiff's] race because—as the Second Circuit has squarely held—'[r]acism' is not a race, and discrimination on the basis of alleged racism is not the same as discrimination on the basis of race."  *Cooper v. Templeton*, 629 F. Supp. 3d 223, 230 (S.D.N.Y. 2022), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023), (quoting *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013)) (internal references removed).  "[A] statement that someone is a 'racist,' while potentially indicating unfair dislike, does not indicate that the object of the statement is being rejected *because of his race*."  *Maraschiello*, 709 F.3d at 97 (emphasis in original).  Plaintiff's allegations that he would not have been deemed a racist by Defendants were he not white, *see* Cplt. ¶¶ 2, 33–36, 48, 50, are merely "conclusory statements unsupported by assertions of facts," and therefore the Court need not adopt them as true at the pleading stage.  *See In re Livent*, 151 F. Supp. 2d at 404.

Although it pleads no direct evidence of discriminatory racial bias or animus, Plaintiff's Complaint can survive if it instead pleads an *inference* of discrimination.  *Littlejohn*, 795 F.3d at 312.  Plaintiff alleges that he was replaced by a Hispanic woman after his termination, *see* Cplt. ¶ 42, and an inference of discrimination may potentially arise when an employer replaces a

4

terminated employee with an individual outside the employee's protected class. *Franchino v. Terence Cardinal Cook Health Care Ctr., Inc.*, 692 F. App'x 39, 43 (2d Cir. 2017). "However, for the purposes of 12(b)(6) analysis, [the Court] may not consider a particular allegation in isolation; instead, [it] must consider whether the 'factual content' in a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)). When "considering the replacement allegation in light of the rest of the complaint," *id.*, Plaintiff's suggestion of discriminatory motivation by Defendants is undermined by the allegations that Defendants had a legitimate, non-racially motivated reason for Plaintiff's termination: namely, that patrons and co-workers had lodged complaints about Plaintiff, who was in a customer-facing role, and, after an HR investigation, he was "deemed to be a racist," and was therefore "a liability," to Defendants, who are in the hospitality business. Cplt. ¶¶ 1–2, 36.

Because Plaintiff has failed to plead factual content giving rise to even a "minimal inference of discriminatory motivation," *Littlejohn*, 795 F.3d at 311, his Section 1981 claim is hereby dismissed.

## II. The NYCHRL Claim

The NYCHRL standard is more liberal than the corresponding federal and state law standards, and thus courts must analyze NYCHRL claims separately and independently from any federal and state law claims. *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021) (citing *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). The NYCHRL must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik*, 715 F.3d at 109 (internal citation omitted). However, while the NYCHRL confers broad protections, it is not a "general

5

civility code." *Id*. at 110.  The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive.  *Id*.

Even under the NYCHRL's lower standard, for all the reasons discussed above, Plaintiff has failed to plausibly plead that he was fired "because of" his race, or to present "any facts that would give rise to such a connection."  *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 71 (2d Cir. 2016); *see also Cooper*, 629 F. Supp. 3d at 233.

Accordingly, Plaintiff's NYCHRL claim is hereby dismissed, as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  This action is hereby dismissed with prejudice.[1]  The Clerk of Court is respectfully directed to close this case.

Dated: July 2, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] On December 27, 2023, the Hon. Mary Kay Vyskocol—the District Judge formerly assigned to this action—granted Plaintiff leave to amend his complaint in response to Defendants' pre-motion letter, prior to Defendants' filing any motion to dismiss.  *See* Dkt. No. 9.  The Order granting leave to amend further stated: "This will be Plaintiff's last opportunity to amend his pleading in response to any issue raised in the pre-motion letters."  *Id*.  Plaintiff subsequently amended the Complaint on January 19, 2024.  *See* Dkt. No. 11.  All of the arguments and bases in Defendants' motion to dismiss were set forth in Defendants' pre-motion letter prior to the filing of the Amended Complaint.  *See* Dkt. No. 7.  Plaintiff therefore has forfeited any further opportunity to amend, and this Order granting dismissal of the Complaint is thus made with prejudice.